UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Roy Warren,
    Petitioner

    v.                                   Case No. 10-cv-527-SM
                                         Opinion No. 2011 DNH 030
United States of America,
    Government

**O R D E R**

Petitioner was convicted, upon his guilty pleas, of robbery and conspiracy to commit robbery, in violation of 18 U.S.C. § 1951.  He was sentenced to 168 months in prison, which represented a variant sentence above the range recommended by the United States Sentencing Guidelines ("U.S.S.G.").  The conviction and sentence were summarily affirmed on appeal.  The court of appeals held the variant sentence to be both procedurally sound and substantively reasonable.  United States v. Warren, No. 09-2063 (1st Cir. April 23, 2010).

Petitioner now seeks relief under the provisions of 28 U.S.C. § 2255 on a number of grounds, including a claim of ineffective assistance of counsel.  First, petitioner raises issues related to the advisory guideline calculation at sentencing.  They are without merit.  The adjustment for theft of controlled substances was correct — David Roy's prescription

medications (including narcotics) were stolen. David Roy was a victim of the conspiracy. The adjustment based upon a vulnerable victim (David Roy) was also correct. Again, David Roy was a victim of the conspiracy and he was vulnerable.

Petitioner also says that the indictment only charged a conspiracy to rob, and robbery of, Justin (not David) Roy, so David Roy should not have played any role in the sentencing analysis. He is incorrect. Part of the conspiratorial activity included robbing David Roy, and that act fell within the guideline provisions governing relevant conduct. U.S.S.G. § 1B1.3 (sentencing adjustments are based upon all acts committed by defendant and those acting in concert in committing the offense of conviction). And, of course, alleged errors in applying the guidelines to the facts of a case are generally not cognizable under § 2255. See Knight v. United States, 37 F.3d 769 (1st Cir. 1994).

Next, petitioner claims that there was no interstate commerce connection sufficient to support a Hobbs Act conspiracy or robbery conviction. That is incorrect as well. At the plea hearing the prosecutor proffered that Justin Roy was an unlawful dealer in prescription drugs, that the drugs he sold were manufactured outside the State of New Hampshire (so traveled in

interstate commerce), and that the money taken from Roy represented proceeds from his illegal drug sales.  By taking those proceeds, petitioner and his co-conspirators effected a depletion of Roy's assets that could (and likely would) have been used to support his illegal prescription drug dealing business.  All of which provides an adequate interstate commerce connection — a connection petitioner acknowledged as part of his plea colloquy.  See United States v. DeCologero, 530 F.3d 36 (1st Cir. 2008).

Finally, petitioner says his counsel provided ineffective assistance by failing to argue at sentencing that the government breached the plea agreement when it declined to move the court to award an additional one point reduction for acceptance of responsibility.  See United States v. Warren, No. 08-cr-56-SM, Plea Agreement (document no. 37), at para. 5.  Initially, the probation officer recommended that petitioner be denied any acceptance credit, based upon a state conviction that occurred after his pleas in this case.  At the sentencing hearing, however, the court sustained petitioner's objection to the proposed denial of acceptance credit.  The court determined that the offense conduct underlying the state conviction took place before the plea agreement in this case was executed, so

petitioner was entitled to a downward adjustment of two levels for acceptance of responsibility.

Petitioner's plea agreement also provided that _if_ the defendant assisted the United States in the investigation or prosecution of his own misconduct by timely notifying the government of his intention to plead guilty, the government would move to decrease the base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b). At sentencing, however, the government had misgivings (as did the probation officer) about petitioner's entitlement to _any_ acceptance credit under the guidelines, or under the plea agreement, given the issue related to his contemporaneous criminal conduct. The plea agreement, by its terms, relieves the government of any obligation to "not oppose" acceptance credit if the defendant "after signing the Plea Agreement, engages in additional criminal conduct." Plea Agreement, Para. 5I. Whether petitioner's post-plea state conviction operated to deprive him of all acceptance credit was an unresolved issue at sentencing.

Petitioner's point here is that, as the court determined, he did not engage in criminal conduct _after_ the plea agreement was signed and the government was, therefore, obligated to move for an additional one point downward adjustment, since he did provide

timely notice of his intent to plead guilty.  He adds that his counsel's failure to raise the issue at sentencing amounted to constitutionally deficient representation.

While it appears that an additional one point reduction for acceptance of responsibility probably should have been awarded, the short answer to petitioner's current ineffective assistance claim is that it would have made no difference in the sentence imposed.  Before relief can be obtained on an ineffective assistance of counsel claim, two things must be shown.  First, counsel's performance must be shown to have fallen below an objective standard of reasonableness.  Strickland v. Washington, 466 U.S. 668 (1984).  Second, defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

Here, I doubt, under the circumstances, that counsel's performance fell below an objective standard of reasonableness with respect to sentencing.  But, even assuming for argument's sake that it did with respect to acceptance credit, still, petitioner suffered no prejudice.  As this court noted in describing the reasons for imposing a variant sentence above the recommended guideline range:

> [Petitioner is] a committed antisocial violent person.  His recidivism in the future is virtually assured.  His use of violence in the future is virtually assured and the overarching consideration for me is this is clearly a case in which the public needs to be protected, and that factor far outweighs the mitigating factors that, Mr. Iacopino, you've articulated and referred to in your sentencing memorandum and in oral presentation.  So I think a substantial sentence is warranted.
>
> It's coincidental because the probation officer's recommendation [has] been rejected in many ways with respect to the assignment of enhancements, but his ultimate recommendation was 168 months, and I think that's about right in this case.  Not because of the guideline calculation, but under [§]3553(a), that's about where I come out.  I think that balances sufficiently the need to protect the public in the hope that the defendant may get sufficient treatment that his criminal conduct in the future will be alleviated.  Maybe not, but 14 years ought to pretty much do it as a start, and obviously there will be a substantial period of supervised release as well.

Transcript of Sentencing Hearing (document no. 105), at 92-93.

A one point reduction in the calculated advisory guideline range would have made no difference whatsoever with respect to the non-guideline sentence imposed in this case — the same variant sentence would have been imposed even if the additional one point had been credited for acceptance of responsibility.  Accordingly, petitioner was not prejudiced in any way by the failure to award that point, and his ineffective assistance of counsel claim is without merit.

## Conclusion

The petition is denied. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings. The clerk shall close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

February 15, 2011

cc: Roy Warren, pro se
    Aixa Maldonado-Quinones, AUSA